**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10159 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-01531-JGZ-JJM-1 |
| v. | |
| FRANCISCO JAVIER AGUILAR-MARTINEZ, AKA Javier Aguilar-Martinez, AKA Jose Pedro Aguilar-Martinez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted February 13, 2013[**]
San Francisco, California

Before: FARRIS, THOMAS, and N.R. SMITH, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Francisco Aguilar-Martinez appeals his sentence following his guilty plea to Attempted Illegal Re-entry After Deportation, in violation of 8 U.S.C. § 1326, enhanced by § 1326(b)(2). Aguilar-Martinez pled guilty after a FED. R. CRIM. P. 11 colloquy with a magistrate judge. He challenges his sentence based on several alleged Rule 11 deficiencies during the colloquy. We affirm.

The parties are familiar with the facts. Since Aguilar-Martinez did not object to the alleged Rule 11 violations before the district court, we review his objections for plain error. *United States v. Vonn*, 535 U.S. 55, 59 (2002). "Plain error is (1) error, (2) that is plain, . . . (3) that affects [the defendant's] substantial rights . . . [and] that (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005). To establish that a Rule 11 violation affected his substantial rights, Aguilar-Martinez bears the burden of showing "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

Aguilar-Martinez contends that the magistrate judge violated Rule 11(b)(3) by failing to establish that he had a prior felony conviction, as required for conviction under 8 U.S.C. § 1326(b)(2). Aguilar-Martinez rests his contention on the fact that the magistrate judge did not mention the prior conviction during the

2

plea colloquy. This argument fails. "[A] court need not rely on the plea colloquy alone and may conclude that a factual basis exists from anything that appears on the record," such as a "presentence report when one is available." *United States v. Mancinas-Flores*, 588 F.3d 677, 682 (9th Cir. 2009) (internal quotations and citations omitted). Before entering judgment, the district court adopted the presentence report, which assessed Aguilar-Martinez's prior conviction. The district court established the factual basis for Aguilar-Martinez's guilty plea in accordance with Rule 11(b)(3). *See id.*

Aguilar-Martinez argues that the magistrate judge erred by failing to inform him that the district court would consult the Sentencing Guidelines to calculate his sentence. The magistrate judge's failure to mention the Sentencing Guidelines was error. *See* FED. R. CRIM. P. 11(b)(1)(M). However, Aguilar-Martinez cannot establish a reasonable probability that "but for" the magistrate judge's error, he would not have pled guilty. *See Dominguez Benitez*, 542 U.S. at 83. Therefore, the magistrate judge's failure to mention the Sentencing Guidelines did not affect Aguilar-Martinez's substantial rights. *See id.* There was no reversible plain error. *See id.*

**AFFIRMED.**